IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and ITS LOCAL 492, | ) ) ) ) ) | Civil Case No. 07-1152-KI |
| | ) | OPINION AND ORDER |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| WILLIAMS CONTROLS, INC., | ) ) | |
| Defendant. | ) ) | |

Elizabeth A. Joffe
McKanna Bishop Joffe & Sullivan LLP
1635 NW Johnson Street
Portland, Oregon 97209

       Attorney for Plaintiff

Wayne D. Landsverk
Newcomb, Sabin, Schwartz & Landsverk, LLP
111 S. W. Fifth Avenue, Suite 4040
Portland, Oregon  97204

       Attorney for Defendant

KING, Judge:

Plaintiffs International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, and Local 492 ("Union") bring a complaint to compel the defendant company, Williams Controls, Inc., ("Company"), to arbitrate a dispute pursuant to Section 301 of the Labor-Management Relations Act.  Pending before the court are the parties' cross-motions for summary judgment.  For the following reasons, I grant the Union's motion for summary judgment and deny the company's motion.

## BACKGROUND

The four issues the Union seeks to have arbitrated are:  violations of the collective bargaining agreement for (1) terminating the employment of Douglas Crandall; (2) unilateral imposition of a substance abuse policy; (3) terminating the employment of Than Lac Tran; and (4) terminating the employment of Bin Van Nguyen.  The Company disputed the timeliness of the grievances and whether some of the issues ought to be combined, but initially agreed to arbitrate the timeliness issue.  The Company subsequently refused to arbitrate the grievances altogether.  The Union brought suit.

The collective bargaining agreement between the Union and the Company imposes a four-step grievance procedure, which ends with arbitration.  The agreement imposes time limits

Page 2 - OPINION AND ORDER

that "shall only be waived by a specific and written agreement."  Aff. of Trent Smith ¶ 2

(hereinafter "Smith Aff.").

  The parties proceeded through step 3 of the grievance procedure on the four grievances

listed above (and others), on May 10 and 11, 2006.  The parties delved into the merits of the four

grievances on May 10.  The Union's representative, Ned Scott, asked that the grievances be

"held" or "tabled."  The Company's Human Resources Manager, Trent Smith, agreed.  (The

Company disputes this last statement without citing evidence in support of its denial.  Smith's

notes indicate his understanding that the grievances were on "hold," and as described below he

signed a summary indicating the grievances were on hold or tabled.  Smith Aff. Ex. 3)

  On May 11, the parties provided each other with written summaries of their positions, and

each summary indicated that the four grievances were on hold.  The Union's summary identified

the grievances as being on "hold" or "tabled."  Company representative Smith initialed and dated

this summary.  The Company's summary similarly stated that the four grievances were on hold

pending report from the Union.  The Union claims it was the parties' practice to table grievances

in this fashion, but the Company disputes this statement.

  The Union's summary read as follows:

May 10, 2006
3rd Step Grievance Meeting
Summary.
Between:
The Williams Controls Designated Representative Trent Smith
(Human Resource Manager)
And
The UAW International Union Representative Ned Scott
The following has been agreed to:

Page 3 - OPINION AND ORDER

Decl. of Michael Rivenes ¶ 27, Ex. 17 (hereinafter "Rivenes Decl."). The document listed the nine grievances discussed the previous day and, next to the four at issue here, noted "table" or "hold."

The parties spent the rest of May 11 discussing a grievance not at issue here, called the Matrix grievance. The parties agreed to table that discussion as well, but did so in a more formal manner. Union representative Scott wrote Company representative Smith a letter to extend the time limits for discussing that grievance, and Smith signed the letter. The letter read:

> During our meetings on Grievance #1-32306 we have had a hard time coming to an agreement. We have come to an agreement that per Article 18–Grievance Procedure, "*The time limits set forth in this Article shall only be waived by a specific and written agreement.*" We will communicate on June 20, 2006 to advise the Company whether we will proceed to the 4th Step, or try to work on a settlement of this grievance.

Smith Aff. Ex. 4.

Company representative Smith was out of the office from June 16 through June 26. The day after Smith returned, on June 27, the parties met. Company representative Smith informed Union representative Scott that the four grievances at issue here were no longer timely.

On July 13, the Union's attorney sent requests for lists of arbitrators to the Federal Mediation and Conciliation Service. On July 17, the Service sent the Union's attorney and Company representative Smith four lists of arbitrators for the four grievances.

On July 25, the parties met. At the meeting, Union representative Scott gave Company representative Smith a letter asking for information the Union needed for arbitration on the Tran and Nguyen termination grievances, two of the four grievances at issue here.

Page 4 - OPINION AND ORDER

Company representative Smith responded to the request on August 1.  Smith also sent four letters to Union representative Scott stating,

> The language of Article 18 (Grievances), Section 5 states that, "The time limits set forth in this Article shall only be waived by a specific and written agreement." Since no agreement was written to waive the time period between Step 3 and Step 4, the Company's position is that the grievance is no longer timely.  If you choose to move the grievance to Step 4, the Company will only arbitrate timeliness.

Rivenes Decl. ¶ 39; Exs. 24, 25, 26, 27.

On August 8, Union representative Scott responded that "the arbitrator is the person who will determine the merits and timeliness of the underlying disputes between the parties and not Trent Smith.  We will see you at the arbitration hearings."  Rivenes Decl. ¶ 40, Ex. 28.  The Company did not respond.

Between August 2006 and January 2007, the parties' attorneys discussed proceeding with arbitration.  On January 31, 2007, the parties' attorneys selected arbitrators for the four grievances, but the Union's attorney suggested the parties combine the Tran and Nguyen Termination grievances and schedule them first.  The Company's attorney indicated he would consult his client, and then countered with a suggestion that the parties hold one preliminary arbitration on the timeliness issue.  On February 1, the Union's attorney stated her client was unwilling to bifurcate the timeliness issue from the merits.  On February 7, 2007 the Union's attorney received a letter from the Company's attorney communicating the following:

> I received your telephone message rejecting our suggestion of a threshold hearing on the issue of arbitrability of the four grievances which we contend are clearly not arbitrable due to non-compliance with the explicit terms of the collective bargaining agreement.  Given the Union's response, the Company withdraws its suggestion and refuses to arbitrate those matters.

Joffe Decl. ¶ 1, Ex. 1 at 23.

Page 5 - OPINION AND ORDER

The Union filed the lawsuit on August 3, 2007.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party.  Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

I.    Statute of Limitations

The Company moves for summary judgment on its affirmative defense that the Union failed to bring this action within the six month statute of limitations.

The six month statute of limitations begins to run when "one party makes it clear that it will not submit the matter to arbitration."  Local Joint Exec. Bd. of Las Vegas, Bartenders Union Local 165 v. Exber, Inc., 994 F.2d 674, 675 (9th Cir. 1993).  A clear refusal to arbitrate is one that is an "unequivocal, express rejection of the union's request for arbitration[.]"  Id. at 676.

The Company claims its representative Smith made it clear in June and again in August, 2006 that the Company considered the grievances untimely, but the Complaint was not filed until a year later on August 3, 2007.  Smith told the Union on June 27, 2006 that the Company would not consider the grievances further because they were untimely.  The statute of limitations began

to run at that time, and expired on December 27, 2006. He reiterated that point in a letter dated

August 1, 2006, which means the statute expired at the latest on February 1, 2007. Smith was

willing to arbitrate only the issue of arbitrability, but the Union wanted to arbitrate both the issue

of arbitrability and the merits. If the Union wanted to challenge the Company's position it had

six months to do so, measuring from June 27, 2006, or at the latest on August 1, 2006.

The Company's position is difficult to understand. It essentially argues that its refusal to

arbitrate the merits of the dispute was an unequivocal refusal to arbitrate at all. As the Union

points out, however, the Company agreed to arbitrate the issue of arbitrability. It was only after it

withdrew its agreement to arbitrate the issue of timeliness that the Union knew the Company was

refusing to arbitrate altogether. In addition, the Company's actions prior to the February 1, 2007

letter were incongruent with a refusal to arbitrate. The Company did not respond to the Union

representative's August 8, 2006 letter indicating the arbitrator would decide issues of timeliness,

and the Company and Union chose arbitrators for the four grievances. It was only after the

Union rejected the proposal to bifurcate that the Company *withdrew* its agreement to arbitrate.

The action was filed within six months of the Company's February 7, 2007 letter, which

unequivocally refused to arbitrate. The Union is entitled to summary judgment on the

Company's statute of limitations defense.

II.    <u>Question of Timeliness is for the Arbitrator</u>

The Union moves for summary judgment on its complaint to compel the Company to

arbitrate the four grievances.

The Company responds that it cannot be compelled to arbitrate a dispute that has lapsed.

It asserts that the question of timeliness is for the court, not the arbitrator, and relies on

LAWI/CSA Consolidators, Inc. v. Teamsters Local 63, 849 F.2d 1236 (9th Cir. 1988).  The

Company also relies on a Sixth Circuit case, which held that the court must first determine

whether the union's failure to pursue a grievance in a timely fashion rendered the grievance

"thereafter [not to be] arbitrable."  Local Union 89 v. Moog Louisville Warehouse, 852 F.2d 871,

873 (6th Cir. 1988).  The Company also relies on a Third Circuit decision which rejected a

union's argument that filing a grievance in a timely manner is a mere formality, and that the

"national policy of encouraging settlement of labor disputes by arbitration would be ill served if

it were used to justify unilateral abridgement of express grievance provisions of collective

bargaining agreements."  Philadelphia Printing v. International Paper, 648 F.2d 900, 904 (3rd Cir.

1981).

      According to the Company, the procedures in the parties' collective bargaining agreement

could only be waived by a specific agreement in writing.  Union representative Scott knew how

to comply with the collective bargaining agreement–he did so with the Matrix grievance.  The

Company suggests Scott dropped the ball with respect to these grievances, thereby rendering

them unarbitrable.

      I agree with the Union that questions of procedural arbitrability are to be decided by the

arbitrator, not the courts.  Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002) (time limit

defense to arbitrability is for the arbitrator); John Wiley & Sons v. Livingston, 376 U.S. 543,

557-59 (1964) (arbitrator must decide whether preliminary steps of grievance followed); Retail

Delivery Drivers Local 588 v. Servomation Corp., 717 F.2d 475, 478 (9th Cir. 1983) ("when time

limitations and other procedural requirements are made an express part of the arbitration

agreement, they become part of the bundle of issues the parties consented to have decided by an arbitrator's special interpretative ability.").

Here, the subject matter of the four grievances (discharges and the implementation of a substance abuse policy) falls within the arbitration provision, as a "complaint" "concerning the interpretation, application or provisions" of the collective bargaining agreement. Rivenes Decl. ¶ 4, Ex. 2 at 8. There is no dispute that the substance of the four grievances is arbitrable. As a result, the procedural defenses must be sent to arbitration as well.

The cases upon which the Company relies are not helpful to its cause. LAWI/CSA involved the expiration of a collective bargaining agreement when the parties were unable to reach agreement on a replacement agreement, and as a result the court was required to decide whether the dispute was subject to the arbitration clause at all. 849 F.2d at 1238-39. In addition, the Sixth Circuit has overruled Moog. United Steelworkers of America v. Saint Gobain Ceramics & Plastics, Inc., 505 F.3d 417, 424 (6th Cir. 2007) (describing wide criticism of Moog and fact that timeliness is procedural issue for the arbitrator). As for the Third Circuit's decision, Philadelphia Printing, that case has also been criticized. Furthermore, it involved a union who utterly failed to file a grievance, but sought to compel arbitration anyway. The court found the union had skipped "the entire grievance machinery," which is a completely different error from failing to comply with procedural time requirements.

As quoted above, the arbitration provision is extremely broad, and covers the substantive matters here. As a result, the timeliness of the grievances is for the arbitrator to decide.

III.     The Union is Entitled to Attorney Fees and Costs

The Union seeks attorney fees and costs because the Company acted frivolously or in bad faith in refusing to arbitrate the dispute.  See Sheet Metal Workers Int'l Assoc. Local 359 v. Madison Indust., Inc., 84 F.3d 1186, 1192 (9th Cir. 1996), and many other cases cited by the Union.  The First Circuit stated in a similar case,

> Thirty years of Supreme Court and federal circuit court precedent have established that issues concerning the timeliness of a filed grievance are "classic" procedural questions to be decided by an arbitrator, a description appropriately adopted by the district court. . . . Unfortunately, the district court failed to properly apply the consequences of this description.  Because the law is clear on this issue, and has been for some time, the Company was without justification in refusing to arbitrate the Singh grievance, and in forcing the Union to litigate its arbitrability in federal district court.

Local 285, Service Employees Int'l Union v. Nonotuck Resources Assoc., Inc., 64 F.3d 735, 739 (1st Cir. 1995).

I accept the First Circuit's rationale.  Here, the Company has failed to provide any valid cases in support of its argument that the timeliness of the grievances is not an issue for arbitration, and it has ignored substantial precedent requiring procedural arbitrability issues, such as timeliness, to be decided by an arbitrator.  The Company has delayed and forced the Union to expend resources litigating this issue.  As a result, the Union is entitled to attorney fees and costs.


///


///


Page 10 - OPINION AND ORDER

**CONCLUSION**

For the foregoing reasons, I grant the Motion for Summary Judgment filed by

International Union, United Automobile, Aerospace & Agricultural Implement Workers of

America, and Local 492 (#15) and deny the Motion for Summary Judgment filed by Williams

Controls, Inc. (#10).

IT IS SO ORDERED.

Dated this _____30th_____ day of July, 2008.


　　　__/s/ Garr M. King_____
　　　Garr M. King
　　　United States District Judge