IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and ITS LOCAL 492,<br><br>            Plaintiffs,<br><br>    vs.<br><br>WILLIAMS CONTROLS, INC.,<br><br>            Defendant. | Civil Case No. 07-1152-KI<br><br>OPINION AND ORDER |

Elizabeth A. Joffe
McKanna Bishop Joffe & Arms, LLP
1635 N. W. Johnson Street
Portland, Oregon  97209

    Attorney for Plaintiffs

Page 1 - OPINION AND ORDER

Wayne D. Landsverk
Newcomb, Sabin, Schwartz & Landsverk, LLP
111 S. W. Fifth Avenue, Suite 4040
Portland, Oregon  97204

    Attorney for Defendant

KING, Judge:

Before the court is the Motion for Attorney Fees, Costs and Expenses (#34) filed by plaintiffs International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, and Local 492 ("Union").  For the reasons set forth below, I grant the motion in part and deny the motion in part.

## BACKGROUND

The Union brought a complaint to compel the defendant company, Williams Controls, Inc., ("Company"), to arbitrate a dispute pursuant to Section 301 of the Labor-Management Relations Act.

The Union sought to arbitrate four issues.  At first the Company disputed the timeliness of the grievances and whether some of the issues ought to be combined, but initially agreed to arbitrate the timeliness issue.  The Company subsequently refused to arbitrate the grievances altogether.  The Union brought suit.

On August 4, 2008, I granted the Union's Motion for Summary Judgment, denied the Company's Motion for Summary Judgment, and ordered the Company to proceed to arbitration on the four grievances at issue.  In addition, I granted the Union's request for attorney fees and costs because the Company ignored substantial precedent requiring the issue of timeliness to be

decided by an arbitrator and because the Company delayed and forced the Union to expend resources litigating the issue. See Sheet Metal Workers Int'l Assoc. Local 359 v. Madison Indust., Inc., 84 F.3d 1186, 1192 (9th Cir. 1996); Local 285, Service Employees Int'l Union v. Nonotuck Resources Assoc., Inc., 64 F.3d 735, 739 (1st Cir. 1995).

## LEGAL STANDARDS

In addressing a petition for attorney fees under federal law, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). In determining what constitutes a reasonable fee, the district court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

Next, the court must consider the necessity of adjusting the lodestar amount, based on the Kerr factors not already subsumed in the lodestar calculation. Morales, 96 F.3d at 363-64.

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

There is a strong presumption, however, that the lodestar amount is a reasonable fee and should only be enhanced in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

A reduction of the lodestar fee may be justified when the plaintiff fails to obtain relief on all claims, and if hours spent on unsuccessful claims were not needed to pursue successful claims. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988). In Gates v. Deukmejian, 987 F.2d 1392, 1404 (9th Cir. 1992), the court explained:

> The district court first asks if the plaintiff did not prevail on claims that were unrelated to those on which he succeeded and excludes any fees associated with those unsuccessful claims. Second, the court makes further reductions when plaintiffs' success on any remaining interrelated unsuccessful and successful claims was limited.

To exclude the hours spent litigating unsuccessful claims, a court can identify specific hours to eliminate or simply reduce the award to account for the limited success. Mathematical formulas or percentages may be used. Schwarz v. Secretary of Health & Human Services, 73 F.3d 895, 904-05 (9th Cir. 1995).

## DISCUSSION

I.   Attorneys Fees

As set forth above, I have already concluded that the Union is entitled to attorneys fees and costs. The Union seeks attorneys fees in the amount of $49,472.50 for 226.60 attorney and legal assistant hours.

The Company has filed an Affidavit of Wayne D. Landsverk in Response to Plaintiff's Motion for Attorney's Fees, Costs and Expenses, which I will treat as an objection to the Union's Motion for Attorneys Fees, Costs and Expenses.

Page 4 - OPINION AND ORDER

The Company has made no objection to the hourly rate sought for the Union's attorneys and legal assistants, and I find that their rates are below the most recent Economic Survey published by the Oregon State Bar. Oregon State Bar, 2007 Economic Survey 31, available at http://www.osbar.org/_docs/resources/07EconSurvey.pdf.

The Company does object to fees for "work prior to even the drafting of the Complaint in this matter," fees for deposition preparation, "grossly excessive" fees for preparing the summary judgment briefing, and seven or so entries the Company claims were unrelated to the legal issues in this matter. Landsverk Aff. ¶¶ 3, 4, 5. The Company makes only general objections without specific references to any billing entries it finds objectionable and without any argument. The Union has satisfactorily explained the reasonableness of these entries.

The Company objects to time spent after June 23, 2008, the date when the Union submitted the last summary judgment document, arguing that the activities which occurred thereafter primarily consisted of calculating back pay, earnings, and related matters, which are relevant only to the merits of the arbitrations and not the arbitrability issue itself. The Union explains that the time was spent calculating damages for the purpose of settlement discussions. I find that the charges for the period at issue do not appear to relate to the arbitrability issue and are not covered by my order allowing fees, which was based on the Company's refusal to arbitrate. Accordingly, the Union's fee request will be reduced by $2,916.00, which reflects all charges from June 27 to August 4, 2008.

The Company does not object to the Union's request for fees for time spent on this motion and I will grant those fees.

Page 5 - OPINION AND ORDER

Accordingly, the Union is entitled to attorneys fees in the amount of $46,556.50.

II.     Bill of Costs

As the prevailing party, the Union is entitled to recover costs other than attorneys' fees as a matter of course, unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). Expenses which may be taxed as costs against a losing party are enumerated in 28 U.S.C. § 1920. Plaintiff requests costs in the amount of $835.50. Having reviewed the bill of costs, and having received no objection, I grant the Union's request.

III.    Expenses not in Bill of Costs

The Union seeks expenses not included in the Bill of Costs in the amount of $792.42 for Lexis research, postage, facsimile charges, photocopying, long distance telephone calls, and messenger services. Counsel claims these expenses are normally billed to clients. Having received no objection, and given my ruling on the Company's actions in forcing the Union to litigate the arbitrability issue, I grant the Union's request.

## CONCLUSION

Based on the foregoing, the Union's Motion for Attorney Fees, Costs and Expenses (#34) is granted in part and denied in part. The Union is entitled to $48,184.42 in attorneys fees, costs and expenses.

IT IS SO ORDERED.

Dated this _____7th_____ day of November, 2008.

                                                                         /s/ Garr M. King                     
                                                                        Garr M. King
                                                                        United States District Judge

Page 6 - OPINION AND ORDER